**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| LIBERTY CORPORATE CAPITAL LTD., | ) Civil Action No.:   9:19-cv-521-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PALMETTO BLUFF SHOOTING CLUB, LLC, | ) |
| PALMETTO BLUFF DEVELOPMENT, LLC, | ) |
| PALMETTO BLUFF REAL ESTATE | ) |
| COMPANY, LLC, MAY RIVER FOREST, | ) |
| LLC, PALMETTO BLUFF COMPANY, LLC | ) |
| (F/K/A CRESCENT COMMUNITIES, LLC) | ) |
| CRESCENT COMMUNITIES REALTY, LLC, | ) |
| MONTAGE HOTELS & RESORTS, LLC, | ) |
| GLENN GARBY, KIM GARBY, JACKSON | ) |
| STEELE, MELANIE STEELE, PAUL PEPE, | ) |
| SHARON PEPE, KATHRYN O'CONNOR, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Liberty Corporate Capital, Ltd. ("Liberty"), by and through counsel, files this

Complaint for Declaratory Judgment against Palmetto Bluff Shooting Club, LLC ("PB Shooting

Club"), Palmetto Bluff Development, LLC ("PB Development"), Palmetto Bluff Real Estate

Company, LLC ("PB Real Estate"), May River Forest, LLC ("May River"), Palmetto Bluff

Company, LLC (f/k/a Crescent Communities, LLC) ("PB Company"), Crescent Communities

Realty, LLC ("CC Realty"), Montage Hotels & Resorts, LLC ("Montage") (PB Development,

PB Real Estate, May River, PB Company, CC Realty, and Montage are collectively referred to

as the "Non-Shooting Club Defendants"), Glenn Garby, Kim Garby, Jackson Steele, Melanie

Steele, Paul Pepe, Sharon Pepe, and Kathryn O'Connor (Mr. and Ms. Garby, Mr. and Ms. Steele,

Mr. and Ms. Pepe, and Ms. O'Connor are collectively referred to as the "Homeowners"), showing the Court as follows:

1.

This insurance coverage declaratory judgment action arises out of PB Shooting Club's claims that Liberty owes it defense and indemnity in connection with an underlying action styled *Glenn Garby, et al. v. Palmetto Bluff Shooting Club, et al.*, Civil Action No. 2017-CP-0886, pending in the Court of Common Pleas in the State of South Carolina, County of Beaufort (the "Lawsuit"). Liberty joins the Homeowners and other parties to the Lawsuit to ensure that it can obtain complete relief by resolving all issues between the parties.

2.

Liberty subscribed to policy numbers L201530923 and L201630923, which provided PB Shooting Club commercial general liability coverage, subject to the policies' terms, conditions, limitations, and exclusions, from January 11, 2015, to January 11, 2017 (collectively, the "Policies"). Copies of the Policies are attached as Exhibits A-1 and A-2.

3.

Liberty respectfully requests a judicial determination that it has no duty to defend or indemnify PB Shooting Club in the Lawsuit based upon the Policies' terms, conditions, and exclusions.

**THE PARTIES**

4.

Liberty is a corporation organized and existing under the laws of England and Wales with its principal place of business in the United Kingdom.  For the purposes of diversity, Liberty is a United Kingdom citizen.

2

5.

PB Shooting Club operates a sporting clays course near Bluffton, South Carolina. Upon information and belief, PB Shooting Club is a corporation organized and existing under the laws of Delaware with its principal place of business in South Carolina. PB Shooting Club may be served through its registered agent, C T Corporation System at 2 Office Park Court, Suite 103, Columbia, South Carolina, 29223.   For the purposes of diversity, PB Shooting Club is a Delaware and South Carolina citizen.[1]

6.

Upon information and belief, Defendant PB Development is a limited liability company organized under the Laws of South Carolina. PB Development may be served through its registered agent, C T Corporation System at 2 Office Park Court, Suite 103, Columbia, South Carolina, 29223.  For the purposes of diversity, PB Development is a South Carolina citizen.

7.

Upon information and belief, Defendant PB Real Estate is a limited liability company organized under the Laws of South Carolina. PB Real Estate may be served through its registered agent, C T Corporation System at 2 Office Park Court, Suite 103, Columbia, South Carolina, 29223.  For the purposes of diversity, PB Real Estate is a South Carolina citizen.

---

[1] With respect to Paragraphs 5-11, Liberty states that after reasonable efforts to search through publicly available information, it is unable to determine the identity or citizenship of all the individual members or managers of the limited liability company defendants. However, there is no reason to believe that any of the members of the limited liability companies are citizens of the United Kingdom.  Should the Court require greater detail, Liberty respectfully requests that the Court require the limited liability company defendants to identify all of their members, the place of citizenship, and place of domicile.  If appropriate, Liberty reserves the right to request jurisdictional discovery.

3

8.

Upon information and belief, Defendant May River is a limited liability company organized under the Laws of South Carolina. May River may be served through its registered agent, C T Corporation System at 2 Office Park Court, Suite 103, Columbia, South Carolina, 29223.  For the purposes of diversity, May River is a South Carolina citizen.

9.

Upon information and belief, Defendant PB Company is a limited liability company organized under the Laws of Georgia and is eligible to transact business in South Carolina. PB Company was formerly known as Crescent Resources, LLC and Crescent Communities, LLC. PB Company may be served through its registered agent, C T Corporation System at 2 Office Park Court, Suite 103, Columbia, South Carolina, 29223.  Upon information and belief, PB Company's members and managers are Robert S. Lilien, Arthur W. Fields, James M. Short, Jr., R. Wayne McGee, and Richard J. Osborne, all of whom are North Carolina citizens. For the purposes of diversity, PB Company is a citizen of Georgia, South Carolina, or North Carolina.

10.

Upon information and belief, Defendant CC Realty is a limited liability company organized under the Laws of North Carolina and is eligible to transact business in South Carolina. CC Realty may be served through its registered agent, C T Corporation System at 2 Office Park Court, Suite 103, Columbia, South Carolina, 29223.  For the purposes of diversity, CC Realty is a South Carolina citizen.

11.

Upon information and belief, Defendant Montage is a limited liability company organized under the Laws of Nevada and is eligible to transact business in South Carolina.

Montage may be served through its registered agent, C T Corporation System at 2 Office Park Court, Suite 103, Columbia, South Carolina, 29223. Upon information and belief, Montage's manager is Alan L. Fuerstman. Mr. Fuerstman is a California citizen. For the purposes of diversity, Montage is a citizen of South Carolina, Nevada, or California.

12.

Upon information and belief, Defendants Glenn Garby and Kim Garby may be served at 29 Camp Eight Road, Bluffton, SC 29910. For the purposes of diversity, Glenn Garby and Kim Garby are citizens of South Carolina.

13.

Upon information and belief, Defendants Jackson Steele and Melanie Steele may be served at 18 Camp Eight Road, Bluffton, SC 29910.  For the purposes of diversity, Jackson Steele and Melanie Steele are citizens of South Carolina.

14.

Upon information and belief, Defendants Paul Pepe and Sharon Pepe may be served at 14 Rose Court Road, Bluffton, SC 29910. For the purposes of diversity, Paul Pepe and Sharon Pepe are citizens of South Carolina.

15.

Upon information and belief, Defendant Kathryn O'Connor may be served at 14 Camp Eight Road, Bluffton, SC 29910.  For the purposes of diversity, Kathryn O'Connor are citizens of South Carolina.

**JURISDICTION AND VENUE**

16.

Liberty files this action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

17.

This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1).  The amount in controversy exceeds, exclusive of interest and costs, seventy-five thousand dollars ($75,000).

18.

There is complete diversity of citizenship between Plaintiff and Defendants.

19.

Venue in this District is proper under 28 U.S.C. § 1391(b)(2).

20.

This Court has personal jurisdiction over all Defendants.

21.

An actual case and controversy of a justiciable nature exists between the parties involving their rights and obligations, if any, under the Policies.  Liberty is uncertain as to its obligations under the Policies, if any, and PB Shooting Club's rights under the Policies.  There is also a justiciable controversy between Liberty and Defendants Garby, Steele, Pepe, and O'Connor as third-parties bringing tort claims against Liberty's insured.  *See, e.g., State Farm & Cas. Co. v. Singleton*, 774 F. Supp. 2d 773, 776 (D. S.C. Oct. 28, 2009) (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 (4th Cir. 1994)) ("A dispute between a liability insurer, its insured, and a third party with a tort claim against the insured over the extent of the insurer's responsibility for that claim is an 'actual controversy' . . . even though the tort claimant

6

has not yet reduced his claim against the insured to judgment."). Thus, Liberty is entitled to bring this declaratory judgment action in this Court.

## THE UNDERLYING LAWSUIT

22.

On or about May 4, 2017, the Homeowners filed the Lawsuit. A copy of the Lawsuit's complaint is attached as Exhibit B (the "Complaint").

23.

The Lawsuit alleges that the Homeowners purchased their properties in the Palmetto Bluff development with the expectation (and at associated price points) of living full-time in their "dream homes." Complaint, ¶¶ 18-19.

24.

The Lawsuit alleges that in March 2015, PB Shooting Club opened the shooting club as an amenity for development owners and guests. The Homeowners allegedly purchased their homes before PB Shooting Club opened the club, and the Homeowners purportedly were never consulted with, nor consented to, the club's location or opening. Complaint, ¶¶ 27, 32, 39.

25.

The Homeowners allege that the club has caused "incessant noise and disturbance." Complaint, ¶ 38.

26.

Upon information and belief, PB Shooting Club was made aware of complaints associated with the noise in March 2016. Complaint, ¶ 40.

27.

The Homeowners and the Defendants negotiated and mediated pursuant to the Palmetto

Bluff Community Charter, but those efforts were unsuccessful. Complaint, ¶ 42.

28.

The Lawsuit asserts the following causes of action: (1) nuisance, (2) nuisance per se pursuant to S.C. Code § 31-18-30(B), (3) negligent misrepresentation as to the development's "serenity, exclusivity, land conservancy, and quiet use and enjoyment," (4) negligence/gross negligence, and (5) a permanent injunction of the club's operations. Complaint, ¶¶ 44-86.

**THE POLICIES**

29.

Under Coverage A, the Policies provide, in relevant part:

a.      We will pay those sums that the insured becomes legally obligated to pay as damaged because of "bodily injury" or "property damage" to which this insurance applies.

Exhibit A-1 at LRS CG0001C NRA 01 13, p. 1 of 20; Exhibits A-2, at LRS CG0001C NRA 07 15, p. 1 of 20.

30.

The Policies provide that:

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an

"occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy

period;

* * *

*Id.*

8

31.

The Policies define "property damage" as:

a.      Physical injury to tangible property, including all resulting loss of use of
        that property. . . .
b.      Loss of use of tangible property that is not physically injured. . . .

Exhibit A-1 at LRS CG0001C NRA 01 13, p. 19 of 20; Exhibit A-2, at LRS CG0001C NRA 07

15, p. 19 of 20.

32.

The Policies provide that:

b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an
        "occurrence" that takes place in the "coverage territory."

Exhibit A-1 at LRS CG0001C NRA 01 13, p. 1 of 20; Exhibit A-2, at LRS CG0001C NRA 07

15, p. 1 of 20.

33.

The Policies define "occurrence" as "an accident or series of accidents, including
continuous or repeated exposure to substantially the same general harmful conditions."

Exhibit A-1 at LRS CG0001C NRA 01 13, p. 18 of 20; Exhibit A-2, at LRS CG0001C NRA 07

15, p. 18 of 20.

34.

Under Coverage B, the Policies provide:

a.      We will pay those sums that the insured becomes legally obligated to pay
        as damages because of "personal and advertising injury" to which this
        insurance applies.

9

Exhibit A-1 at LRS CG0001C NRA 01 13, p. 6 of 20; Exhibit A-2, at LRS CG0001C NRA 07 15, p. 6 of 20.

35.

The Policies define "personal and advertising injury," in relevant part, as follows:

Injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.      False arrest, detention or imprisonment;
b.      Malicious prosecution;
c.      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
d.      Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
e.      Oral or written publication, in any manner, of material that violates a person's right of privacy;
f.      The use of another's advertising idea in your "advertisement"; or
g.      Infringing upon another's copyright, trade dress or slogan in your "advertisement".

Exhibit A-1 at LRS CG0001C NRA 01 13, p. 18 of 20; Exhibit A-2, at LRS CG0001C NRA 07 15, p. 19 of 20.

36.

The Policies exclude coverage for "[p]unitive, exemplary, special or consequential damages or the multiple portion of any damages award." Exhibit A-1 at LRS CG0001C NRA 01 13, p. 10 of 20; Exhibit A-2, at LRS CG0001C NRA 07 15, p. 10 of 20.

37.

The Policies require that PB Shooting Club notify Liberty as soon as practicable of any claim made against an insured, as follows:

**2.      Duties In The Event Of Occurrence, Offense, Claim or Suit**

a.      You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim

10

* * *

    b.      If a claim is received by any insured, you must:
        (1)     Immediately record the specifics of the claim and date received; and
        (2)     Notify us as soon as practicable.
    c.      You and any other involved insured must:
        (1)     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or a "suit"….

Exhibit A-1 at LRS CG0001C NRA 01 13, p. 18 of 20; Exhibit A-2, at LRS CG0001C NRA 07

15, p. 13 of 20.

## COUNT ONE – DECLARATORY JUDGMENT:
## NO "BODILY INJURY" OR "PROPERTY DAMAGE" ALLEGED

### 38.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

### 39.

For Coverage to exist under Coverage A, there must be "bodily injury" or "property

damage" alleged. The Lawsuit asserts the Homeowners' private use and enjoyment of their

property has been hindered by the shooting club.  This does not constitute "bodily injury" or

"property damage" under the Policies' definitions.  Indeed, the Lawsuit makes no mention of,

nor asserts any, actual physical damage to the Homeowners' property or persons.

### 40.

As the Lawsuit does not contain allegations of "bodily injury" or "property damage,"

there can be no coverage under the Policies' Coverage A.

### 41.

As there is no covered bodily injury or property damage alleged, Liberty is entitled to a

declaration that it has no duty to defend or indemnify PB Shooting Club against the Lawsuit

11

under the Policies' Coverage A.

## COUNT TWO – DECLARATORY JUDGMENT:
## NO "PERSONAL AND ADVERTISING INJURY" ALLEGED

42.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

43.

For Coverage to exist under Coverage B, there must be "personal and advertising injury" alleged. The Lawsuit asserts the Homeowners' private use and enjoyment of their property has been hindered by the shooting range. This does not constitute "personal and advertising injury" under the Policies' definitions.

44.

As the Lawsuit does not contain allegations of "personal and advertising injury," there can be no coverage under the Policies' Coverage B.

45.

As there is no covered personal and advertising injury alleged, Liberty is entitled to a declaration that it has no duty to defend or indemnify PB Shooting Club against the Lawsuit under the Policies' Coverage B.

## COUNT THREE – DECLARATORY JUDGMENT:
## CERTAIN DAMAGES NOT COVERED BY THE POLICY

46.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

47.

The Lawsuit, in part, seeks injunctive relief against PB Shooting Club.

12

48.

The Policies only cover sums the insureds are obligated to pay as "damages" due to "property damage," "bodily injury" or "personal and advertising injury."  Injunctive relief is not "damages." As such, there is no coverage available under the Policies for this claim.

49.

The Lawsuit also seeks punitive damages.

50.

The Policy specifically excludes coverage for "[p]unitive, exemplary, special or consequential damages or the multiple portion of any damages award." Thus, the Policies do not cover any punitive damages award against PB Shooting Club.

51.

Liberty is entitled to a declaration that it has no duty to defend or indemnify PB Shooting Club against the Lawsuit to the extent the Lawsuit seeks damages that are not covered by the Policies, including but not limited to injunctive relief and punitive damages.

**COUNT FOUR – DECLARATORY JUDGMENT:**
**LACK OF FORTUITY/OCCURRENCE**

52.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

53.

The coverage provided under the Policies only applies to "bodily injury" or "property damage" that is caused by an "occurrence" that occurs during the policy period.

54.

The Policies define "occurrence" to mean "an accident or series of accidents, including continuous or repeated exposure to substantially the same general harmful conditions."

55.

Fortuity is a requirement as a matter of insurance law in order for there to coverage for damage under the Policies.

56.

The Homeowners' claims of nuisance are not fortuitous and/or there is no occurrence. The Homeowners have been concerned with the noise levels and the impact of the shooting range on their property and quiet enjoyment since before PB Shooting Club began operations. PB Shooting Club became aware of the Homeowners' concerns and continued operating.

57.

Accordingly, coverage under the Policies is excluded under the fortuitous loss doctrine and no occurrence exists. Thus, Liberty owes no duty to defend or indemnify PB Shooting Club against the Lawsuit.

**COUNT FIVE – DECLARATORY JUDGMENT**:
**LATE NOTICE PRECLUDES COVERAGE**

58.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

59.

The Policies require that, as a condition precedent to coverage, PB Shooting Club provide notice of a claim "as soon as practicable" and "immediately" send Liberty copies of any demands, notices, summonses or legal papers in connection with a "suit."

14

60.

The Homeowners first complained to PB Shooting Club about its operations in March 2016, but PB Shooting Club did not notify Liberty of the complaints until May 2017. A fourteen-month delay does not constitute notice "as soon as practicable."

61.

Liberty was prejudiced by this delay. For example, PB Shooting Club engaged in mediation and negotiation of this claim without informing Liberty. Thus, Liberty was not able to participate in the potential resolution of this claim pre-suit.

62.

Given the delay in providing notice, PB Shooting Club has breached a condition precedent to coverage, and there is no coverage available for the Lawsuit.

63.

Liberty is entitled to a declaration that it has no duty to defend or indemnify PB Shooting Club against the Lawsuit.

**COUNT SIX – DECLARATORY JUDGMENT**
**<u>NO COVERAGE FOR THE NON-SHOOTING CLUB DEFENDANTS</u>**

64.

Liberty repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

65.

None of the Non-Shooting Club Defendants are insureds under the Policies.

66.

Even if the Non-Shooting Club Defendants were insureds under the Policies (which they were not), coverage would still be barred for all of the same reasons that coverage is barred for PB Shooting Club as described in Counts 1 through 5 of this Complaint.

15

67.

Liberty is entitled to a declaration that it has no duty to defend or indemnify any of the Non-Shooting Club Defendants against the Lawsuit.

**WHEREFORE,** Liberty prays for judgment:

(1)    Declaring that Liberty has no duty to defend or indemnify PB Shooting Club in the Lawsuit or otherwise provide coverage for the Homeowners' alleged injuries resulting the operation of PB Shooting Club's gun range;

(2)    Declaring that there is no covered bodily injury or property damage alleged, and Liberty is entitled to a declaration that it has no duty to defend or indemnify PB Shooting Club against the Lawsuit under the Policies' Coverage A;

(3)    Declaring that there is no covered personal and advertising injury alleged, and Liberty is entitled to a declaration that it has no duty to defend or indemnify PB Shooting Club against the Lawsuit under the Policies' Coverage B;

(4)    Declaring that Liberty is entitled to a declaration that it has no duty to defend or indemnify PB Shooting Club against the Lawsuit to the extent the Lawsuit seeks damages that are not covered by the Policies, including but not limited to injunctive relief and punitive damages;

(5)    Declaring coverage under the Policies is excluded under the fortuitous loss doctrine, and no occurrence exists. Thus, Liberty owes no duty to defend or indemnify PB Shooting Club against the Lawsuit;

(6)    Declaring that PB Shooting Club has breached a condition precedent to coverage by not providing timely notice, and there is no coverage available for the Lawsuit;

16

(7)    Declaring that the Non-Shooting Club Defendants are not insureds under the

Policies and that Liberty owes no duty to defend or indemnify the Non-Shooting

Club Defendants against the Lawsuit; and

(8)    Awarding Liberty such other and further relief as the Court may deem just and

proper.

                                                **HARVEY & BATTEY, P. A.**

                                                */s/Thomas A. Holloway*
                                                Thomas A. Holloway
                                                (Federal Court ID: 6875)
                                                1001 Craven Street
                                                Post Office Box 1107 (29901)
                                                Beaufort, SC 29902
                                                Telephone: (843)524-3109
This 21st day of February, 2019.               Facsimile: (843) 524-6973
Beaufort, South Carolina                       *Attorneys for the Plaintiff*

**OF COUNSEL:**

1180 W. Peachtree Street, Suite 1600    Paul L. Fields, Jr. (PHV Motion Forthcoming)
Atlanta, GA 30300                       Georgia Bar No.: 003420
Telephone: (404) 214-1250               Gregory L. Mast (PHV Motion Forthcoming)
Facsimile: (404) 214-1251               Georgia Bar No. 476191
pfields@fieldshowell.cm                 Rachel E. Hudgins (PHV Motion Forthcoming)
gmast@fieldshowell.com                  Georgia Bar No. 123342
rhudgins@fieldshowell.com               *Attorneys for Plaintiff*

17